[Cite as *Harry v. Russo*, 2015-Ohio-5338.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| LISA PARADISE HARRY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0043** |
| THOMAS RUSSO, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2015 CVG 678.

Judgment: Appeal dismissed.


*Pamela N. Hultin*, Smith & Hultin, LLC, 100 North Main Street, Suite 235, Chagrin Falls, OH  44022 (For Plaintiff-Appellee).

*Douglas R. Fouts*, 30775 Bainbridge Road, Suite 170, Solon, OH  44139 (For Defendants-Appellants).


TIMOTHY P. CANNON, P.J.

{¶1}   Appellants, Thomas Russo, CD Construction LLC, and American Bulk LLC, filed a notice of appeal from an entry of the Chardon Municipal Court.

{¶2}   The docket in this matter reveals that appellee, Lisa Paradise Harry, filed a forcible entry and detainer action against appellants.  In an October 13, 2015 entry, the trial court granted restitution of the premises to appellee.  On that same date, appellants filed a motion to stay the execution of the writ with the trial court as well as their notice of appeal.  The trial court denied appellants' motion for stay.  On October

14, 2015, appellants filed a motion to stay execution of the trial court judgment with this court, which was overruled.

{¶3} On October 27, 2015, appellee filed a motion to dismiss the appeal as moot. Thereafter, on November 17, 2015, appellee filed "Additional Facts and Law Supporting Mootness of Appeal," indicating that "the property had been vacated by [appellants] and is now returned to the possession of [appellee]." No brief or memorandum in opposition to the motion to dismiss has been filed by appellants.

{¶4} A forcible entry and detainer action decides the right to immediate possession of property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St. 2d 19, 25, fn. 11 (1981). Accordingly, once the tenant has vacated the premises and the landlord regains possession of the leased premises, the merits of an action in forcible entry and detainer are rendered moot because no further type of relief can be granted in favor of the landlord. *See Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake No. 2010-L-024, 2010-Ohio-5933, ¶ 3.

{¶5} "Further, 'when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff (***) the issues are rendered moot.' * * * A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond. * * * However, if a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot. * * *" *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA008183 and 02CA008199, 2003-Ohio-4386, at ¶ 4.

{¶6}    Here, although appellants sought a stay of execution from both the trial court and this court, their requests were denied.  Thus, causing their ouster from the premises.  Accordingly, their appeal of the forcible entry and detainer action is rendered moot.

{¶7}    For the foregoing reasons, appellee's motion to dismiss is hereby granted, and this appeal is dismissed.

{¶8}    Appeal dismissed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.